**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DELBERT L. DUNMIRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05-0774-CV-W-FJG |
| ROBERT LEE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Pending before the Court is defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Compel Arbitration and to Dismiss or Stay. (Doc. No. 7). Together with said motion are Defendant's Suggestions in Support (Doc. No. 8), Plaintiff's Suggestions in Opposition (Doc. No. 9), Defendant's Reply to the Opposition (Doc. No. 11), and all accompanying exhibits and affidavits.[1]

**I. Background.**

The present case is before the Court under diversity jurisdiction. Defendant Robert Lee challenges the Court's personal jurisdiction over him in this matter.

Defendant Lee is a resident of Connecticut, and his office at Morgan Stanley DW, Inc. ("MSDW") is located in New York. Defendant Lee asserts that the only time he has been to Kansas City, Missouri or elsewhere in this judicial district was in 1999, and that visit had nothing to do with plaintiff's accounts at MSDW.

During 2004, defendant Lee served as a branch manager for MSDW in New York

---

[1]As the Court finds that defendant's motion to dismiss for lack of personal jurisdiction to be dispositive of this matter, the Court does not reach the arguments made in defendant's motion to compel arbitration.

City. One of the financial advisors in defendant's branch office was plaintiff's financial advisor, Matthew Hoffman. Defendant supervised Hoffman in New York City, not in Missouri.

Plaintiff's complaint concerns plaintiff's investments in future silver contracts through MSDW. Plaintiff owned investment accounts at MSDW from 1982 through 2004, and until 2002, John Hoffman of MSDW's Kansas City branch served as plaintiff's financial advisor. After John Hoffman's retirement in 2002, Matthew Hoffman (John's son) was assigned to be plaintiff's financial advisor.

Plaintiff alleges that in April 2004, Matthew Hoffman had mis-managed plaintiff's account so that plaintiff was forced to liquidate his account and was left with a negative account value. Plaintiff alleges that defendant Lee's failure to adequately supervise or monitor Matthew Hoffman's management of plaintiff's silver future account caused plaintiff damages. Under these allegations, plaintiff asserts claims of (1) breach of fiduciary duty, and (2) negligence.[2]

**II. Discussion.**

**A. Motion to Dismiss for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)**

"On a motion for lack of personal jurisdiction, the plaintiff rather than the movant has the burden of proof." Cantrell v. Extradition Corp. of Am., 789 F. Supp. 306. 308 (W.D. Mo.

---

[2]Notably, this is not the only pending action related to plaintiff's account at MSDW. Plaintiff has two arbitrations pending (one before the Commodities Futures Trading Commission and one before the National Futures Commission), a lawsuit against Matthew Hoffman pending in the United States District Court for the Southern District of New York, and a lawsuit against another MSDW employee, Lawrence Schneider, in the United States District Court for the Northern District of Illinois. See Exhibits E, F, G, and H to Doc. No. 8.

2

1992). "The allegations in the Complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." Id. at 308-09. "To survive a motion to dismiss for lack of personal jurisdiction, the nonmoving party 'need only make a prima facie showing of jurisdiction.'" Bell Paper Box, Inc. v. U.S. Kids Inc., 22 F.3d 816, 818 (1994) (quoting Dakota Indus., Inc. v. Dakota Sportwear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)). "[T]here must . . . be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden on the moving party to demonstrate a lack of personal jurisdiction. Once jurisdiction has been controverted or denied, [the plaintiff has] the burden of proving such facts." Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977) (internal quotation marks omitted).

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). "In deciding whether a court has personal jurisdiction over nonresident defendant [the Eighth Circuit holds that the court is] guided by two primary rules. First, the facts presented must satisfy the requirements of the forum's long-arm statute. Second, the exercise of personal jurisdiction over the defendant must not violate due process." Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir. 1996).

"These issues are often analyzed independently, but when a state construes its long-arm statute to confer jurisdiction to the fullest extend permitted by the due process

3

clause ... the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." Bell Paper Box, 22 F.3d at 818-19 (1994) (citations omitted). Such is the case in Missouri. See Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004). Missouri's long-arm statute governs the instant case. The statute provides in pertinent part:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts: (1) The transaction of any business within this state; ... (3) The commission of a tortious act within this state; ....

Mo. Rev. Stat. § 506.500. Additionally, "Missouri courts have liberally construed the 'transaction of any business' provision of the long-arm statute. Similarly, the 'commission of a tortious act' provision and the 'making of any contract' provisions are broadly construed." May Dep't Stores Co. v. Wilansky, 900 F. Supp 1154, 1159 (E.D. Mo. 1995) (internal citations omitted).

"Due process requires sufficient minimum contacts between the nonresident defendant and the forum state such that the exercise of personal jurisdiction over the nonresident defendant is consistent with traditional notions of fair play and substantial justice." Id. In deciding whether there are sufficient minimum contacts, the Eighth Circuit has identified a five factor analysis that courts must utilize in making this decision: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relations of the cause of action to the contacts; (4) the interests of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Bell Paper Box Inc., 22 F.3d at 819.

4

Additionally, in cases where defendants are alleged to have committed an intentional tort outside the forum state, the Court may consider the extent to which the alleged conduct had an effect on the forum state. See Calder v. Jones, 465 U.S. 783 (1984); Dakota Indus., 946 F.2d at 1391. The "effects" test adopted in Calder "allows the assertion of personal jurisdiction over non-resident defendants whose acts 'are performed for the very purpose of having their consequences felt in the forum state.'" Dakota Indus., 946 F.2d at 1390-91 (citing Brainerd v. Governors of Univ. of Alberta, 873 F.2d 1257, 1260 (9th Cir. 1989). The "effects" test supports personal jurisdiction where the defendant "expressly aimed" his conduct at the forum state and knew that the "brunt of the harm" would be felt in the forum state. See Calder, 465 U.S. at 789-90.

With these standards in mind, the Court will examine whether the exercise of personal jurisdiction over defendant Robert Lee is warranted.

**1. The nature and quality of the contacts with the forum state.**

Plaintiff asserts, in response in opposition to the pending motion, that his complaint affirmatively states that defendant Lee committed various tortious acts that caused injury to plaintiff in the state of Missouri. Plaintiff asserts that, as long as an extraterritorial act or omission of a defendant produces consequences in Missouri, Missouri's long arm statute, Mo. Rev. Stat. § 506.500, supports jurisdiction over that defendant.

The Court notes that "[t]o commit a tortious act in Missouri, it is not necessary that the tortfeasor was actually present in Missouri, but only that the extra-territorial acts have consequences in the forum." Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1433 (E.D. Mo. 1992) (citing numerous U.S. District Court cases). However,

5

in the instant suit, plaintiff does not demonstrate any connection between defendant Lee and the state of Missouri other than asserting that the effect of his allegedly tortious acts was felt in Missouri. Instead, the only allegations made in plaintiff's complaint are that defendant was plaintiff's broker's supervisor, defendant failed to supervise that broker properly, and defendant and others liquidated plaintiff's account at MSDW. From the face of plaintiff's complaint, it is apparent that all of defendant's alleged actions or omissions took place in New York. The Calder "effects" test does not grant personal jurisdiction where the effects of a tort are felt in the forum state, but there are no other contacts between the defendant and the forum state that are related to plaintiff's claims. See Hicklin Eng'g Inc. v. Aidco, Inc., 959 F.2d 738, 739 (8th Cir. 1992) (stating that an effect in the forum state "alone will not be sufficient to bestow personal jurisdiction"). Therefore, given the facts alleged concerning the actions of defendant Lee in regard to this forum, the Court finds the nature and quality of the contact insufficient to grant it personal jurisdiction over defendant Lee.[3]

**2. The quantity of those contacts.**

As to the quantity of contacts of defendant Lee to the forum, plaintiff points to no direct contact with the state of Missouri, and defendant Lee has provided an affidavit stating that he has only visited Kansas City on one occasion that was unrelated to the matter at

---

[3]The Court notes that plaintiff has requested limited discovery, in the event that the Court finds plaintiff has provided insufficient evident to overcome this motion. However, plaintiff provides no inkling as to what information he would seek in such discovery. The Court is unconvinced that the discovery sought would have an effect on the Court's opinion, and therefore plaintiff's request is denied.

6

hand. Therefore, there is insufficient quantity of contact between defendant and this forum to allow this Court personal jurisdiction over defendant Lee.

### 3. The relation of the cause of action to the contacts.

As to the relation of the cause of action to the contact by defendant Lee to this forum, as discussed above, the limited contact of defendant Lee to this forum is insufficient to subject the defendant to jurisdiction of this Court for this cause of action. Bell Paper Box, 22 F.3d at 819 (discussing elaboration of the third factor in this analysis after the holding of Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984)). Therefore, the Court finds that plaintiff has failed to show that defendant Lee's contacts with the forum have been in direct relation to the present cause of action.

### 4. The interests of the forum state in providing a forum for its residents.

Where the plaintiff is a Missouri citizen, as is the case here, the State of Missouri has an interest in resolving this case. However, given the allegations of the instant suit, the mandates of due process do not comport with the exercise of personal jurisdiction over defendant Lee.

### 5. The convenience of the parties.

As stated above, because plaintiff is a Missouri citizen there is a convenience for plaintiff to litigate this matter in Missouri. However, as pointed out by defendant Lee, it is obvious that plaintiff has the ability to prosecute lawsuits in other forums, including one

against his former Morgan Stanley broker in the Southern District of New York (where, defendant notes, an assertion of personal jurisdiction over defendant Lee would likely be proper). Therefore, this factor weighs little in the Court's analysis.

Accordingly, for the above stated reasons, it is hereby ORDERED, that:

1) Defendant Lee's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 7) is GRANTED.

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated:   December 9, 2005   .
Kansas City, Missouri.